UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOHNNY LEE RICHMOND,

    Plaintiff,

  v.              Case No. 25-cv-1353-bhl

ASSESSORS OFFICE, et al,

    Defendants.

## SCREENING ORDER

  On September 5, 2025, Johnny Lee Richmond, proceeding without an attorney, filed a handwritten complaint using the Court's form for non-prisoner *pro se* filers and a motion for leave to proceed without prepayment of the filing fee or *in forma pauperis* (IFP). (ECF Nos. 1 & 2.) On September 22, 2025, Richmond filed an amended complaint. (ECF No. 8.) The matter is before the Court for consideration of Richmond's IFP motion and for the screening of his amended complaint.

### IFP MOTION

  The Court has authority to allow a plaintiff to proceed IFP upon the submission of an affidavit that identifies the plaintiff's assets and allows the Court to find that the plaintiff is unable to pay the filing fee. *See* 28 U.S.C. §1915(a)(1). Richmond's IFP application includes information about his finances and is signed under penalty of perjury, satisfying the first IFP requirement. *See id.*; (ECF No. 2 at 5). Where directed to provide information on his monthly income and expenses, Richmond wrote "see indigency form," which the Court assumes is the Milwaukee County Circuit Court Petition for Waiver of Fees and Costs - Affidavit of Indigency submitted as an attachment to the IFP motion. (ECF No. 2 at 3; ECF No. 2-1.) The Milwaukee County Affidavit of Indigency, signed by Richmond on August 20, 2025, states that Richmond receives $1,569 per month in social security payments, and incurs expenses of $600 per month in mortgage/rent, $150 per month in credit card payments, and $150 per month in medical debts. (ECF No. 2-1 at 2–3.) Based on

Richmond's representations, the Court concludes that he would have substantial financial difficulty in paying the filing fee. Accordingly, the Court will grant his request to proceed IFP.

## SCREENING THE COMPLAINT

The IFP statute also requires the Court to dismiss a case at any time if it determines that the plaintiff's allegations of poverty are "untrue" or if the action is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2). Accordingly, after evaluating a *pro se* plaintiff's IFP request, the Court must screen the complaint to ensure the case should be allowed to move forward. In screening a *pro se* complaint, the Court applies the liberal pleading standards embraced by the Federal Rules of Civil Procedure. To survive screening, the complaint must comply with the Federal Rules and state at least plausible claims for which relief may be granted. To state a cognizable claim, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

If the complaint fails to allege sufficient facts to state a claim on which relief may be granted, it must be dismissed. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018 (7th Cir. 2013). District courts also have the authority to dismiss frivolous lawsuits. *Hoskins v.*

*Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003). A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Courts may dismiss a complaint as factually frivolous if the facts alleged are "clearly baseless," "fanciful," "fantastic," "delusional," "irrational," or "wholly incredible," are factually frivolous. *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992). A claim is legally frivolous if it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327–28.

## ANALYSIS

Richmond's amended complaint is nearly incomprehensible. He names several defendants, including the City of Milwaukee Assessors' Office, the governments of "former . . . slave trading nations and colonies" Britain, France, Spain, Portugal, the Netherlands, Denmark, and the United States, Accurate Appraisal LLC, Associated Appraisal Consultants Inc., Partner Engineering and Science Inc., and ValCor Appraisal. (ECF No. 8 at 1–3.) The body of the amended complaint names even more entities and individuals that Richmond alleges injured him, such as the City of Milwaukee Clerk's Office, Dana Larsen, the Milwaukee County Tax Division, Silver Creek Investments, Northpointe Development, Lakeside Property Management, Todd Brunner, Shawn A. Brunner, Paul Zeleski, Michael Pembroke, Patricia Lynn Kay, Robert Farrell, Corey Lee, Sr., Huria Abu, JP Morgan Chase, Norfolk Southern, Wells Fargo, Tiffany & Co, Brooks Brothers, Shutterstock, Twitter/X, TikTok, and others. (*Id.* at 3–9.) Despite Richmond's extensive list of culpable parties, the amended complaint contains no concrete factual allegations against any of them. In the first few pages, Richmond states that "[v]arious property assessment contractors" engaged in "fraudulent assessment or lien schemes," used his "social security number and identity to claim assets improperly," and "illicitly convert[ed] [his] lawful property and collateral assets." (*Id.* at 3–5.) In later pages, Richmond asserts that the profits and assets of several private companies are the result of "slavery-related illegally obtained gains." (*Id.* at 8–9.) Lastly, Richmond states that he has been and continues to be "oppressed" by the "Western legal systems" of the nation defendants. (*Id.* at 9.) For relief, Richmond seeks a "lump sum distribution of all fund [sic] associated as profits from slavery," an injunction against "unauthorized use of [his] biological material," "correction of every illegal property assessment records [sic]," and compensatory damages. (*Id.* at 10.)

Richmond's allegations are frivolous and fail to state claims against any of the defendants. Even construing the amended complaint liberally, the Court cannot identify any claims that are

properly brought in federal court. Although Richmond invokes several federal statutes (42 U.S.C. §1983, Title VII of the Civil Rights Act, the Fair Housing Act, the Americans with Disabilities Act, and the Fair Credit Reporting Act) the amended complaint does not state a plausible claim for relief under any of them. As Richmond makes almost no factual allegations against any of the above-named parties, the amended complaint must be dismissed as it fails to give the defendants notice of the claims against them or the grounds upon which they rest. And the few factual allegations made by Richmond are exactly the type of "fantastic or delusional scenarios" indicative of a frivolous complaint. *See Neitzke*, 490 U.S. at 327–28. For these reasons, the Court will dismiss Richmond's complaint as frivolous and for failure to state a claim on which relief may be granted. Although courts generally permit civil plaintiffs at least one opportunity to amend their pleadings, the Court need not do so where any amendment would be futile. *Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013). Richmond's allegations are frivolous. This is the tenth case that Richmond has filed in this district, all of which have been dismissed on screening as frivolous or for failure to state a claim.[1] The Court will not afford him an opportunity to amend and will instead dismiss this case with prejudice.

Accordingly, **IT IS HEREBY ORDERED** that Richmond's Motion for Leave to Proceed Without Prepayment of the Filing Fee, ECF No. 2, is **GRANTED**.

**IT IS FURTHER ORDERED** that Richmond's Amended Complaint, ECF No. 8, is **DISMISSED with prejudice** as frivolous and for failure to state a claim on which relief may be granted. The Clerk of Court shall enter final judgment accordingly.

Dated at Milwaukee, Wisconsin on October 10, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

---

[1] *See Richmond v. Internal Revenue Service*, Case No. 14-cv-105 (E.D. Wis. Jul. 31, 2014) (dismissed for failure to state a claim); *Richmond v. United States of America*, Case No. 14-cv-1094 (E.D. Wis. Jan. 13, 2015) (dismissed for failure to state a claim); *Richmond v. Federal Reserve System*, Case No. 17-cv-988 (E.D. Wis. Aug. 15, 2017) (dismissed for failure to state a claim); *Richmond v. U.S. District Court for the Eastern District of Wisconsin*, Case No. 17-cv-998 (E.D. Wis. Sep. 11, 2017) (dismissed for failure to state a claim); *Richmond v. The Executive Department of the United States et al.*, Case No. 21-cv-829 (E.D. Wis. Aug. 30, 2021) (dismissed for failure to state a claim and as frivolous); *Richmond v. Unknown*, Case No. 21-cv-1248 (E.D. Wis. Apr. 29, 2022) (dismissed for failure to state a claim); *Richmond v. United States Government*, Case No. 23-cv-1052 (E.D. Wis. Oct. 3, 2023) (dismissed for failure to state a claim); *Richmond v. JP Morgan Chase et al.*, Case No. 25-cv-58 (E.D. Wis. Jul. 14, 2025) (dismissed for lack of Article III standing); *Richmond v. Estate of Queen Amanirenas et al.*, Case No. 25-cv-1459 (E.D. Wis. Oct. 10, 2025) (dismissed for failure to state a claim and as frivolous).